UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG T. N., | No. 1:26-cv-01240-TLN-JDP |
| Petitioner, | |
| v. | **ORDER** |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Tung T. N.[1] ("Petitioner"), an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.) Based on the substance of Petitioner's brief and the relief requested therein, the Court construed Petitioner's pleading as a motion for a temporary restraining order.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers).

By minute order on February 13, 2026, the Court set a briefing schedule for Petitioner's motion.  (ECF No. 5.)  Additionally, pending the Court's ruling on this petition, the Court ordered Respondents not to take any action to transfer Petitioner out of this District.  *See F.T.C. v. Dean*

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.  The Clerk of Court is directed to update the docket to reflect this change accordingly.

1

*Foods Co.*, 384 U.S. 597, 608 (1966) (acknowledging the Court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

Further, Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted. *See* 28 U.S.C. § 1914.

Finally, Petitioner has also filed a motion for the appointment of counsel.  (ECF No. 3.) In light of the complexity of the legal issues involved, the Court has determined that the interests of justice require the appointment of counsel for Petitioner.  *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Within **seven days** from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Michele Krueger, Courtroom Deputy for Chief Judge Troy Nunley, via email at mkrueger@caed.uscourts.gov, who shall update the docket to reflect counsel's appointment.  If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the Court hereby authorizes them to serve as CJA counsel for petitioner for the duration of the proceedings in this Court pursuant to Local Rule 180(b)(1).

In accordance with the above, IT IS HEREBY ORDERED that:

1. In order to ensure this Court's jurisdiction to resolve the pending § 2241 petition, Respondents shall not transfer Petitioner outside of this judicial district, pending further order of the Court;

2. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

3. Petitioner's motion to appoint counsel (ECF No. 3) is granted; Within **seven days** from the date of this order, the appointing authority for the Eastern District of California shall identify counsel;

4. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention:  Habeas Appointment, along with a copy of the § 2241 petition; and

5. The Clerk of Court is directed to update the docket to only list Petitioner's first name and last initials.

IT IS SO ORDERED.

Date: February 14, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE